UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIKA MANN and FRANKLIN BELL | * | CIVIL ACTION |
| VERSUS | * | NO. 18-09284 |
| ALSTON CONTRACTORS, INC., | * | JUDGE MARY ANN VIAL LEMMON |
| KENNETH D. ROSS, ROBERT INGRAM | | |
| ("RIP") PRICHARD, IV, and COMPANION | * | MAG. DANIEL E. KNOWLES, III |
| INSURANCE CO. | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant, Companion Specialty Insurance Company ("Companion"), who files this Answer and Defenses, and in response to the Complaint filed by Plaintiffs, Erika Mann and Franklin Bell, respectfully avers as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Companion upon which relief can be granted.

### SECOND DEFENSE

In the alternative, and subject to the allegations of the Complaint, Companion denies each and every allegation of the Complaint, except as may be admitted or modified hereafter. Further responding to the allegations, Companion avers as follows:

**ANSWER TO THE COMPLAINT**

I.

The allegations of the Introduction Paragraph of the Complaint contains conclusions of law for which no response is required.  To the extent a response to the Introduction Paragraph of the Complaint is deemed necessary, Companion denies the allegations of the Introduction Paragraph for lack of information sufficient to justify a belief therein.

II.

The allegations of the Parties Paragraph of the Complaint contain legal conclusions concerning Plaintiffs and the manner in which Defendants have been made a party to this lawsuit. With respect to the allegations regarding the status of Plaintiffs, the allegations are denied for lack of information sufficient to justify a belief therein.  All other allegations regarding Plaintiffs are denied.  With respect to the allegations regarding the status of Defendants other than Companion, said allegations are denied for lack of information sufficient to justify a belief therein.  With respect to the allegations regarding the status of Companion, the allegations are denied, except to admit as follows:

Companion is a foreign insurance company.  Companion admits that it issued Policy No. VGL1111295 to Alston Contractors, Inc. for the policy period July 14, 2011 through July 14, 2012. Subsequent to the issuance of the Policy, said Policy was cancelled for non-payment of premium effective November 19, 2011.  Furthermore, said Policy is the best evidence of the terms, conditions, provisions, limitations, exclusions, endorsements and/or coverage contained therein, all of which are pled as if copied herein in full.  Companion hereby places Plaintiffs on their full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of said Policy.

III.

The allegations of the Jurisdiction and Venue Paragraph of the Complaint concern the Court's subject matter jurisdiction and venue.  As such, no response is required; however, to the extent a response is deemed necessary, the allegations of the Jurisdiction and Venue Paragraph with regards to personal jurisdiction over Defendants other than Companion are denied for lack of information sufficient to justify a belief therein.  All other allegations of the Jurisdiction and Venue Paragraph are denied, except Companion admits this Court has subject matter jurisdiction of the alleged claims pursuant to its diversity jurisdiction as set forth in 28 U.S.C. § 1332(a), and that venue is proper in this Honorable Court as set forth in 28 U.S.C. § 1391.

IV.

The allegations of Paragraph D(1) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

V.

The allegations of Paragraph D(2) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.  Furthermore, it is submitted that Executive Order BJ 11-18 is the best evidence of its contents.

VI.

The allegations of Paragraph D(3) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.  Furthermore, it is submitted that Executive Order BJ 11-18 is the best evidence of its contents.

VII.

The allegations of Paragraph D(4) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

VIII.

The allegations of Paragraph D(5) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

IX.

The allegations of Paragraph D(6) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

X.

The allegations of Paragraph D(7) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XI.

The allegations of Paragraph D(8) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XII.

The allegations of Paragraph D(9) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XIII.

The allegations of Paragraph D(10) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XIV.

The allegations of Paragraph D(11) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XV.

The allegations of Paragraph D(12) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XVI.

The allegations of Paragraph D(13) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XVII.

The allegations of Paragraph D(14) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XVIII.

The allegations of Paragraph D(15) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XIX.

The allegations of Paragraph D(16) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XX.

The allegations of Paragraph D(17) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXI.

The allegations of Paragraph D(18) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXII.

The allegations of Paragraph D(19) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXIII.

The allegations of Paragraph D(20) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXIV.

The allegations of Paragraph D(21) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXV.

The allegations of Paragraph D(22) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXVI.

The allegations of Paragraph D(23) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

## XXVII.

The allegations of Paragraph D(24) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

## XXVIII.

The allegations of Paragraph D(25) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

## XXIX.

The allegations of Paragraph D(26) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

## XXX.

The allegations of Paragraph D(27) of the Complaint are denied to the extent they may refer to Companion.  All other allegations are denied for lack of information sufficient to justify a belief therein.

## XXXI.

The allegations of Paragraph D(28) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXII.

The allegations of Paragraph D(29) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXIII.

The allegations of Paragraph D(30) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXIV.

The allegations of Paragraph D(31) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXV.

The allegations of Paragraph D(32) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXVI.

The allegations of Paragraph D(33) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXVII.

The allegations of Paragraph D(34) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXVIII.

The allegations of Paragraph D(35) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XXXIX.

The allegations of Paragraph D(36) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XL.

The allegations of Paragraph D(37) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XLI.

The allegations of Paragraph D(38) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XLII.

The allegations of Paragraph D(39) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XLIII.

The allegations of Paragraph D(40) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XLIV.

The allegations of Paragraph D(41) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

XLV.

The allegations of Paragraph D(42) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

XLVI.

The allegations of Paragraph D(43) of the Complaint are denied.

XLVII.

The allegations of Paragraph E(1) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied

to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

XLVIII.

The allegations of Paragraph E(2) of the Complaint contain conclusions of law for which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

XLIX.

The allegations of Paragraph E(3) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

L.

The allegations of Paragraph E(4) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LI.

The allegations of Paragraph E(5) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LII.

The allegations of Paragraph E(6) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LIII.

The allegations of Paragraph E(7) of the Complaint require no response from Companion; however, to the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LIV.

The allegations of Paragraph E(8) of the Complaint are denied to the extent they may refer to Companion.  All other allegations are denied for lack of information sufficient to justify a belief therein.

LV.

The allegations of Paragraphs E(9)(a-h) of the Complaint require no response from Companion.  To the extent a response is deemed necessary, the allegations are denied for lack of information sufficient to justify a belief therein.

LVI.

The allegations of Paragraph F(1)(a) of the Complaint require no response.  To the extent a response is deemed necessary, Companion repeats and re-alleges each and every response pled in this Answer and Defenses.

LVII.

The allegations of Paragraph F(1)(b) of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LVIII.

The allegations of Paragraph F(1)(c) of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LIX.

The allegations of Paragraph F(1)(d) of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LX.

The allegations of Paragraph F(1)(e) of the Complaint are denied.

LXI.

The allegations of Paragraph F(1)(f) of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

LXII.

The allegations of Paragraph F(1)(g) of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

LXIII.

The allegations of Paragraph F(1)(h) of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

14

LXIV.

The allegations of Paragraph F(2)(a) of the Complaint require no response.  To the extent a response is deemed necessary, Companion repeats and re-alleges each and every response pled in this Answer.

LXV.

The allegations of Paragraph F(2)(b) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LXVI.

The allegations of Paragraph F(2)(c) of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LXVII.

The allegations of Paragraph F(2)(d) of the Complaint are denied to the extent they may refer to Companion.  All other allegations are denied for lack of information sufficient to justify a belief therein.

LXVIII.

The allegations of Paragraph F(2)(e) of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LXIX.

The allegations of Paragraph F(2)(f) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LXX.

The allegations of Paragraph F(2)g of the Complaint are denied.

LXXI.

The allegations of Paragraph F(3)(a) of the Complaint require no response.  To the extent a response is deemed necessary, Companion repeats and re-alleges each and every response pled in this Answer and Defenses.

LXXII.

The allegations of Paragraph F(3)(b) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LXXIII.

The allegations of Paragraph F(3)(c) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

LXXIV.

The allegations of Paragraph F(3)(d) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied

16

to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

### LXXV.

The allegations of Paragraph F(3)(e) of the Complaint are denied.

### LXXVI.

The allegations of Paragraph F(4)(a) of the Complaint require no response. To the extent a response is deemed necessary, Companion repeats and re-alleges each and every response pled in this Answer and Defenses.

### LXXVII.

The allegations of Paragraph F(4)(b) of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

### LXXVIII.

The allegations of Paragraph F(4)(c) of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied.

### LXXIX.

The allegations of Paragraph F(4)(d) of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, said allegations are denied to the extent they may refer to Companion, with all other allegations being denied for lack of information sufficient to justify a belief therein.

### LXXX.

The allegations of Paragraph F(4)(e) of the Complaint are denied.

LXXXI.

The allegations of Paragraph F(4)(f) of the Complaint are denied to the extent they may refer to Companion.  All other allegations are denied for lack of information sufficient to justify a belief therein.

LXXXII.

The allegations of Paragraph F(5)(a) of the Complaint require no response.  To the extent a response is deemed necessary, Companion repeats and re-alleges each and every response pled in this Answer and Defenses.

LXXXIII.

The allegations of Paragraph F(5)(b) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied.

LXXXIV.

The allegations of Paragraph F(5)(c) of the Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, said allegations are denied for lack of information sufficient to justify a belief therein.

LXXXV.

The allegations of Paragraph F(5)(d) of the Complaint are denied.

LXXXVI.

The allegations of Paragraph F(5)(e) of the Complaint are denied.

LXXXVII.

The allegations of Paragraph G of the Complaint are denied.

LXXXVIII.

Companion denies the allegations and relief sought in the unnumbered paragraph of the Complaint beginning with "WHEREFORE".

LXXXIX.

The allegations of Paragraph H of the Complaint contain Plaintiffs' demand for jury trial, to which no response is required.

And now, further answering, Companion avers as follows:

**THIRD DEFENSE**

Plaintiffs' allegations against Companion are barred, in whole or in part, by the terms, conditions, provisions, limitations, exclusions and/or endorsements of Policy No. VGL1111295 (the "Policy") issued by Companion to its Named Insured, Alston Contractors, Inc. ("Alston"). The Policy was issued with effective dates from July 14, 2011 to July 14, 2012; however, said Policy was cancelled for non-payment of premium effective November 19, 2011.  Companion expressly and affirmatively pleads all terms, conditions, provisions, limitations, exclusions and endorsements of the Policy, including all policy limits, sub-limits, aggregates, deductibles, and occurrence provisions as if fully set forth herein in full.  Companion denies any allegations by Plaintiffs that seek to enlarge, vary, modify or contradict the terms, conditions, provisions, limits, limitations, exclusions and endorsements of the Policy, and place Plaintiffs on their full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of said Policy.

19

## FOURTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, to the extent they involve "bodily injury" or "property damage" to which the Policy does not apply. Specifically, the Policy provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   * * *

   b. This insurance applies to the "bodily injury" and "property damage" only if:

      (1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) the "bodily injury" or "property damage" occurs during the policy period;

      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed or authorized "employee" knew, prior to the policy period, that the "bodily injury" or

20

"property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."

c.  "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)  Receives a written demand or a verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

The Policy specifically defines "occurrence" as follows:

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Further, "property damage" is defined in the Policy as follows:

21

17.     "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

## FIFTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Expected or Intended Injury" Exclusion, which reads as follows:

2.     **Exclusions**

This insurance does not apply to:

a.     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

## SIXTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the "Damage to Property" Exclusion which reads as follows:

2.     **Exclusions**

This insurance does not apply to:

* * *

j.     **Damage To Property**

"Property damage" to:

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations,

22

if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

***

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

The "Products Completed Operations Hazard" is defined in the Policy as follows:

**16.**     "Products-completed operations hazard":

**a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**     Products that are still in your physical possession; or

**(2)**     Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

**(a)**     When all of the work called for in your contract has been completed.

**(b)**     When all the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

23

    **b.**    Does not include "bodily injury" or "property damage" arising out of:

* * *

    **(3)**    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**SEVENTH DEFENSE**

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Damage to Your Product" Exclusion, which reads as follows:

    **2.**    **Exclusions**

This insurance does not apply to:

* * *

    **k.**    **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

The Policy defines "Your Product" as follows:

    **21.**    "Your product":

    **a.**    Means:

    **1.**    Any goods or products, other than real property manufactured, sold, handled, distributed or disposed of by:

    **(a)**    You;

    **(b)**    Others trading under your name; or

    **(c)**    A person or organization whose business or assets you have acquired; and

24

    **2.**     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**    Includes:

    **(1)**     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**     The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

## EIGHTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Damage to Your Work" Exclusion, which reads as follows:

**2.**    **Exclusions**

This insurance does not apply to:

* * *

**l.**    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

"Your Work" is defined in the Policy as follows:

22. "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)**    The providing of or failure to provide warnings or instructions.

## NINTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the "Damage to Impaired Property or Property Not Physically Injured" Exclusion, which reads as follows:

**2.**    **Exclusions**

This insurance does not apply to:

* * *

    **m.**    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

"Impaired Property" is defined in the Policy as follows:

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

## TENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Recall of Products, Work or Impaired Property" Exclusion, which reads as follows:

2.    **Exclusions**

This insurance does not apply to:

* * *

n.    **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

27

(1)     "Your product";

(2)     "Your work"; or

(3)     "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

### ELEVENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, to the extent they involve "personal and advertising injury" to which this insurance does not apply. Specifically, the Policy provides as follows:

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.      **Insuring Agreement**

   a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

   * * *

   b.      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

The Policy defines "personal and advertising injury" as follows:

14.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

28

   **a.**   False arrest, detention or imprisonment;

   **b.**   Malicious prosecution;

   **c.**   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   **d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   **e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;

   **f.**   The use of another's advertising idea in your "advertisement"; or

   **g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement."

"Advertisement" is defined in the Policy as follows:

   **1.**   "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

   **a.**   Notices that are published include material placed on the Internet or on similar electronic means of communications; and

   **b.**   Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

## TWELFTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Knowing Violation of Rights of Another" Exclusion, which reads as follows:

**2.      Exclusions**

This insurance does not apply to:

**a.      Knowing Violation Of Rights Of Another**

Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury.

## THIRTEENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Material Published With Knowledge of Falsity" Exclusion, which reads as follows:

**2.      Exclusions**

This insurance does not apply to:

\* \* \*

**b.      Material Published With Knowledge Of Falsity**

Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the Policy's "Material Published Prior to Policy" Exclusion, which reads as follows:

30

2.       **Exclusions**

This insurance does not apply to:

\* \* \*

c.       **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

## FIFTEENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the "Criminal Acts" Exclusion, which reads as follows:

2.       **Exclusions**

This insurance does not apply to:

\* \* \*

d.       **Criminal Acts**

Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

## SIXTEENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the "Breach of Contract" Exclusion, which reads as follows:

2.       **Exclusions**

This insurance does not apply to:

\* \* \*

    **f.**    **Breach Of Contract**

    Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**SEVENTEENTH DEFENSE**

Plaintiffs' claims against Companion are barred, in whole or in part, by the application of the "Quality or Performance of Goods – Failure to Conform to Statements" Exclusion, which reads as follows:

    **2.**    **Exclusions**

    This insurance does not apply to:

* * *

    **g.**    **Quality Or Performance Of Goods – Failure To Conform To Statements**

    Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement or quality or performance made in your "advertisement.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims against Companion are barred, in whole or in part, by the "Professional Liability Exclusion", which reads as follows:

**PROFESSIONAL LIABILITY EXCLUSION**

    The following exclusion is added to Section I, COVERAGE A, and COVERAGE B, Paragraph 2 of the policy.

    A.    This insurance does not apply to:

    "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any "professional services" by or for the insured.

32

    B.      SECTION V. is amended to add the following definitions:

        1.      "Professional services" means:

            a.      The preparing, approving, recommending or failing to prepare, approve or recommend maps, drawings, opinions, reports, surveys, change orders, designs, specifications, hazard assessment plans, response actions, abatement methods or products, air monitoring plans or insurance requirements.

            b.      Supervisory, inspection, training or engineering services; or

            c.      Commercial or industrial hygiene, air monitoring, testing, laboratory analysis, public health, legal, accounting, architectural, medical, nursing, data processing, consulting or investment advisory services.

## NINETEENTH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, to the extent any Insured failed to comply with the Policy's "Duties in the Event of Occurrence, Offense, Claim or Suit" provision.

## TWENTIETH DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, to the extent Plaintiffs failed to mitigate, minimize or avoid any alleged costs, loss or damages.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against Companion are barred, in whole or in part, to the extent any loss claimed by Plaintiffs is caused by or resulted from the breach of contract, fault, negligence, want of due care, or other legal fault of Plaintiffs or other parties for whose actions Companion had no control and/or for whom it is not otherwise responsible.

## TWENTY-SECOND DEFENSE

If Companion or anyone for whom it may be held responsible is liable for the causes of action asserted by Plaintiffs, all of which is at all times denied, or if for any reason Companion and/or their Insured(s) would be found responsible to Plaintiffs in this suit, then Companion avers that Plaintiffs were guilty of contributory negligence constituting a proximate cause of the alleged incident(s) in question, and further, that said contributory negligence is herein pleaded as the sole cause of the incident, or alternatively, in mitigation of damages.

## TWENTY-THIRD DEFENSE

Companion avers that the damages alleged by Plaintiffs existed prior to the date of the alleged incident(s), and that as such, Companion is not liable for any resulting damages to Plaintiffs.  In the alternative, and only in the event it should be found that these pre-existing damages were worsened, Companion is entitled to the limitation of any damages claimed against it to the worsening alone, and not from the pre-existing damages.

## TWENTY-FOURTH DEFENSE

This action and/or relief sought against Companion is or may be barred, in whole or in part, on the basis of waiver, release, payment and/or estoppel.

## TWENTY-FIFTH DEFENSE

Companion avers that the damages alleged by Plaintiffs, in whole or in part, resulted from natural causes.  As such, any damages must be eliminated or reduced to the extent they resulted from natural causes.

## TWENTY-SIXTH DEFENSE

No recovery is available to the extent that the claims asserted by Plaintiffs are barred by prescription.

## TWENTY-SEVENTH DEFENSE

Companion reserves the right to rely upon, adopt and aver to any defense pled by any current or future defendant not otherwise set forth herein, including all defenses of Alston, Kenneth V. Ross and Robert Ingram Prichard, IV, to the extent said defenses do not conflict with this Answer and Defenses.

## TWENTY-EIGHTH DEFENSE

The Complaint does not describe the facts with sufficient particularity to enable Companion to determine all defenses that may ultimately pertain to the claims asserted. Companion hereby gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense(s) prior to or at the trial of this matter.

WHEREFORE, Defendant, Companion Specialty Insurance Company, prays that its Answer and Defenses be deemed good and sufficient and that after all due and legal proceedings are had herein, there be judgment in favor of Defendant, Companion Specialty Insurance Company, dismissing, with prejudice, Plaintiffs' Complaint. Companion further prays for all costs of these proceedings, including reasonable attorneys' fees, and for all general and equitable relief to which it may be entitled.

Respectfully submitted,

PREIS PLC

BY:   /s/ Daryl J. Daigle
      DARYL J. DAIGLE (#18858)
      601 Poydras Street, Ste. 1700
      New Orleans, Louisiana 70130
      Telephone: (504) 581-6062
      Facsimile: (504) 522-9129
      E-Mail:   ddaigle@preisplc.com

And

EDWIN G. PREIS, JR.  (#10703)
102 Versailles Boulevard, Suite 400
Post Office Drawer 94-C
Lafayette, Louisiana  70509
Telephone:  (337) 237-6062
Facsimile:  (337) 237-9129
E-Mail:    epreis@preisplc.com

COUNSEL FOR COMPANION
SPECIALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that on this 7th day of December, 2018, a copy of the foregoing

was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing

will be sent to all counsel of record by operation of the Court's electronic filing system.


_____*/s/ Daryl J. Daigle*_____
DARYL J. DAIGLE

#2243951