# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ERIKA MANN AND FRANKLIN BELL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 18-9284 |
| ALSTON CONTRACTORS, INC., ET AL | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Dismissal for Failure to State a Claim** (Rec. Doc. 13), filed by defendants Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard, IV, and in which defendant Companion Specialty Insurance Company joins (Rec. Doc. 14), is **GRANTED IN PART** and **DENIED IN PART**, and plaintiffs' claims for rescission and breach of contract are dismissed, for the reasons more fully set forth below.

## BACKGROUND

Plaintiffs are New Orleans homeowners who received federal funds to elevate their homes in the wake of Katrina under a Hazard Mitigation Grant Program funded by the Federal Emergency Management Agency ("FEMA"). Defendant Alston Contractors, Inc. ("Alston") entered into a joint venture with a Louisiana contractor, Tim Clark Construction, LLC ("TCC"), to perform elevation work in the New Orleans area. Defendant Kenneth D. Ross is the president of Alston and Robert Ingram Prichard, IV is the treasurer of Alston. Both are alleged to be the alter egos of Alston. The defendants were unlicensed in Louisiana, and thus ineligible to perform elevation work here. The joint venture was formed for the purpose of enabling them to submit

joint bids for post-Katrina elevation work in the greater New Orleans area.

On October 19, 2010 and February 5, 2011, plaintiffs Mann[1] and Bell respectively, entered into contracts with TCC for elevation of their homes, in the belief that the contractor was a licensed, local expert. Plaintiffs allege various damages stemming from the fact that defendants herein were an undisclosed principal on the contracts, and were actually unlicensed and unqualified to perform the elevation work on their homes, which they allege was substandard. They also allege fraud in connection with promissory notes that they signed to guarantee payment for the work.

The defendants had been operating jointly with TCC under a memorandum of understanding beginning on March 28, 2010, and formalized the joint venture agreement on November 8, 2010. Among other things, the joint venture agreement provided:

> Construction Contracts shall be entered into in the names of TCC and ACI as "Joint Venturers", and the Joint Venture shall be known as the "TCC/ACI Joint Venture". Certain construction contracts may be obtained or awarded under the name of TCC solely, but any such construction contracts that pertain to elevation work in the [New Orleans]Area as defined in this Agreement shall be deemed as contracts in the names of TCC and ACI as Joint Venturers. The term of the Joint Venture shall be the time it takes to complete the Construction Contract plus any warranty period required.

Joint Venture Agreement, Rec. Doc. 103, p. 1, line 24 et seq.

Plaintiffs' contracts reflect only TCC as the contracting party, and plaintiffs were not aware of the relationship between TCC and the defendants, and defendants' potential liability, until they received a copy of the defendants' memorandum of understanding on March 20, 2018,

---

[1]Mann executed amendments on April 11, 2011 and September 6, 2011.

in connection with state court litigation. On October 15, 2018, plaintiffs filed the instant suit.

Defendants now move for partial dismissal under Federal Rule 12(b)(6), seeking (1) dismissal of plaintiffs' LUTPA claims on the basis that they are perempted, and (2) dismissal of plaintiffs' rescission and breach of contract claims, arguing that they have failed to join an indispensable party, TCC. Each is considered in turn.

## DISCUSSION

**I. Motion to Dismiss LUTPA Claims Under Rule 12(b)(6).**

**A. Rule 12(b)(6) Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

3

In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). However, the district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014).

**B. Louisiana Unfair Trade Practices Act, Prescription, and Contra Non Valentem**

The Louisiana Unfair Trade Practices Act, La. Stat. Ann. § 51:1401 et seq., ("LUTPA") grants a private right of action for the recovery of damages to "any person who suffers any ascertainable loss ... as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405." La. Stat. Ann. 51:1409. It contains a one-year statute of limitations period. La. Stat. Ann. 51:1409(E). While previously, courts of Louisiana have expressed uncertainty about whether its one year limitations period was peremptive or prescriptive, often holding that it was peremptive, effective August 2018, the statute was amended to read: "The action provided by this Section shall be subject to a liberative prescription of one year running from the time of the transaction or act which gave rise to this right of action." La. Stat. Ann. § 51:1409(E). The wording of the statute is a clear expression of legislative intent: the limitations period incorporated in the statute is prescriptive, not peremptive.

Moreover, because the amendment is remedial and concerns prescription, it applies

4

retroactively. "It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application." Lott v. Haley, 370 So. 2d 521, 523 (La. 1979) (citations omitted); see also, 20 LA. CIV. L. TREATISE, LEGIS. LAW & PROC. § 6:4, Retroactivity of Legislation (2018 ed.) ("Statutes of limitations are generally deemed to be procedural laws and therefore retroactive to causes of actions that accrue prior to enactment, regardless of whether the legislation shortens or extends the period of prescription.")).

Because LUTPA's statute of limitations is prescriptive, not peremptive, it is subject to interruption or suspension, including under the doctrine of contra non valentem. Wells v. Zadeck, 89 So. 3d 1145, 1150 (La. 2012) ("[C]ontra non valentem continues to be a viable exception to the running of liberative prescription in Louisiana."). Under the doctrine of contra non valentem, prescription does not run against a person who could not bring suit. Carter v. Haygood, 892 So.2d 1261, 1268 (La.1992)(citations omitted).

Louisiana law recognizes four instances where contra non valentem applies to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. Jenkins v. Starns, 85 So. 3d 612, 623 (La. 2012)(citations omitted).

**C. Plaintiffs' Claims are not Time-Barred Under LUTPA**

Plaintiffs' complaint alleges that they first learned of the details of the joint venture, and their corresponding potential claims against the defendants, when the memorandum of understanding was produced in a state court proceeding on March 20, 2018. Thus, it appears that the third basis for contra non valentem applies in this case. Plaintiffs were not aware of their potential claims due to the defendants' efforts to obscure the existence and terms of the joint venture. On October 15, 2018, plaintiffs filed the instant suit, well within a year of learning of the claims. Accordingly, based on the allegations of the complaint, which the court must take as true, the court finds that plaintiffs' LUTPA claims are not time-barred, and defendants' argument that they should be dismissed as perempted is without merit.

**II. Motion to Dismiss Contract Claims Pursuant to Rule 19**

    **A. Rule 12(b(7) Standard**

Defendants seek dismissal of plaintiffs' claims for rescission and breach of contract, arguing that plaintiffs' have failed to join an indispensable party under Rule 19. While defendants style their motion as one under 12(b)(6), it is Rule 12(b)(7) which provides for dismissal for failure to join a party under Rule 19. Under Rule 12(b)(7), the court must conduct an analysis consisting of two inquiries. HS Res., Inc. v. Wingate, 327 F.3d 432, 439 (5th Cir. 2003). First, the court must determine under Rule 19(a) whether a person should be joined to the lawsuit. Id. "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." Id.

As with a 12(b)(6) motion, "[i]n reviewing a Rule 12(b)(7) motion, a court must accept

all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1359 (3d ed.)(collecting cases).

**B. Rule 19 Standard**

"Federal Rule of Civil Procedure 19 directs federal courts to join 'required' parties when feasible." Moss v. Princip, 913 F.3d 508, 515 (5th Cir. 2019). A party is "required", under the rule, if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19.

If joining a required party is not feasible, for example, when it would destroy diversity, courts must determine whether the party is "merely necessary" to the litigation, or in fact "indispensable." Moss, 913 F.3d at 515. In determining whether a necessary party is also indispensable, courts consider four factors, which assess "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed":

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:

> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"The Supreme Court has cautioned that whether a particular lawsuit must be dismissed in the absence of [a party] ... can only be determined in the context of particular litigation. There is no prescribed formula for determining in every case whether a person is an indispensable party." Moss, 913 F.3d at 515 (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 117-18 (1968))(internal quotations omitted).

**C. TCC is an Indispensable Party to Plaintiffs' Contract Claims**

In the present case, defendants argue that an absent party, TCC, is indispensable to plaintiffs' prosecuting their claims for rescission and breach of the construction contract. TCC was a signatory to the construction contract. Under the terms of the joint venture agreement, Alston was also a party to the construction contract. The joint venture agreement provides that even if contracts are "obtained or awarded under the name of TCC solely, . . . any such construction contracts that pertain to elevation work in the [New Orleans area] . . . shall be deemed as contracts in the names of TCC and ACI as Joint Venturers." Rec. Doc. 103 at 1. Thus, unbeknownst to plaintiffs, they were contracting with ACI as well as TCC. The issue before the

court is whether all of these defendants are required to be joined in this matter.

### 1. *Rescission claim*

"In an action to set aside a contract, all persons who are parties to the contract may be affected by the determination of the action and are indispensable parties for the purposes of Rule 19." Siemens Bldg. Techs., Inc. v. Jefferson Par., 2004 WL 1837386, at *6 (E.D. La. Aug. 16, 2004); see also, JMCB, LLC v. Bd. of Commerce & Indus., 2017 WL 6033407, at *7 (M.D. La. Dec. 5, 2017); 7 Wright & Miller, FED. PRAC. AND PROC. § 1613 (3d ed. 2017). An analysis of the Rule 19 factors in connection with the instant case bears out the applicability of this principle.

TCC, as a signatory and obligor under the contract, clearly claims an interest in the subject matter. Moreover, because plaintiffs have sued TCC in state court for rescission, TCC's absence could well result in inconsistent obligations, if the state court rescinds the contract, and this court does not, or vice versa. Thus, TCC is a necessary party to the rescission claim under Rule 19(a).

Additionally, because requiring joinder of TCC, a Louisiana company, would deprive the court of diversity jurisdiction, it must consider whether, in addition to being necessary, TCC is indispensable. Fed. R. Civ. P. 19(b). As a contracting party, a judgment rendered in TCC's absence might prejudice TCC, and because the issue in a rescission claim is essentially a zero-sum determination – finding the contract either valid or not, it is not apparent how relief could be shaped in such a way that would avoid prejudice. If this matter is dismissed for non-joinder, plaintiffs may still pursue the rescission claim in the pending state court action. Thus, the court

finds that with respect to the rescission claim, TCC is an indispensable party.

### *2. Breach of contract claim*

"Where interpretation of a contract is at issue, the parties to the contract are necessary parties." In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig., 864 F. Supp. 2d 451, 456 (E.D. La. 2012) (citing Sch. Dist. of Pontiac v. Sec'y of U.S. Dep't of Educ., 584 F.3d 253, 303 (6th Cir. 2009); Siemens Bldg. Techs., Inc. v. Jefferson Parish, 2004 WL 1837386 at *6 (E.D. La. Aug. 16, 2004); see also Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir.1984) (affirming district court's conclusion that a non-party was an indispensable party under Rule 19(b) where it "possessed rights arising from the agreements at issue which are inextricably intertwined with issues bound to be raised in an action solely against" the named defendant (internal quotations omitted)). This provision is borne out by application of Rule 19 to the facts of the instant case: TCC, as a signatory and obligor under the contract, has an interest in the subject matter of the breach of contract claims, and resolving the breach of contract claims in its absence may impede its ability to protect its interest.

Because joinder of TCC would deprive the court of jurisdiction, it must determine whether TCC is an indispensable party to an action for breach under Rule 19(b). In doing so, the court must assess the factors set out in Rule 19(b), "seeking to avoid manifest injustice while taking full cognizance of the practicalities involved." Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1312 (5th Cir. 1986).

Considering the breach of contract claims separately from the rescission claim is impossible. The existence of the contract must be established before a breach can occur, and as

above, the rescission claim cannot go forward without the presence of TCC. TCC is thus an indispensable party to the breach of contract claim.

## CONCLUSION

The court finds that under the facts presented here, it would be so impractical to permit the rescission and breach of contract claims to proceed in this court, that the court cannot find that the action should proceed among the existing parties. Therefore it is appropriate dismiss the rescission and breach of contract claims. <u>See</u>, <u>HS Res., Inc. v. Wingate</u>, 327 F.3d at 439. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Partial Dismissal for Failure to State a Claim** (Rec. Doc. 13), filed by defendants Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard, IV, and in which defendant Companion Specialty Insurance Company joins, (Rec. Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**, and plaintiffs' claims for rescission and breach of contract are dismissed.

New Orleans, Louisiana, this  28th   day of February, 2019.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**