UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIKA MANN and FRANKLIN BELL | CIVIL ACTION NO. 2:18-cv-09284 |
| VERSUS | |
| ALSTON CONTRACTORS, INC., KENNETH D. ROSS, ROBERT INGRAM ("RIP") PRICHARD IV, and COMPANION SPECIALTY INSURANCE CO. | JUDGE LEMMON<br><br>MAGISTRATE WILKINSON |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come the Defendants, Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV, who hereby answer and/or otherwise respond to the Complaint of the Plaintiffs, Erika Mann and Franklin Bell, as follows:

### FIRST DEFENSE

The Defendants, Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV, plead the defense of lack of personal jurisdiction under Rule 12(b) of the Federal Rules of Civil Procedure.

AND NOW, the Defendants respond to the specific allegations of the Complaint, as follows:

I.

Except to admit that Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV are not Louisiana domiciliaries, the remaining allegations of Paragraph A of the Complaint are denied.

II.

The allegations of Paragraph B(1)(a) of the Complaint are denied for lack of sufficient

information to justify a belief therein.

III.

The allegations of Paragraph B(1)(b) of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations of Paragraph B(1)(c) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied.

V.

Except to admit that Alston Contractors, Inc. is an Alabama corporation, the remaining allegations of Paragraph B(2)(a) of the Complaint are denied.

VI.

Except to admit that Kenneth D. Ross is a citizen of Mississippi, the remaining allegations of Paragraph B(2)(b) of the Complaint are denied.

VII.

Except to admit that Robert Ingram Prichard IV is a citizen of Alabama and certified public accountant, the remaining allegations of Paragraph B(2)(b) of the Complaint are denied.

VIII.

Except to admit that a certain policy of insurance was issued that is the best evidence of its contents and terms, the remaining allegations of Paragraph B(2)(d) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

IX.

The allegations of Paragraph B(2)(e) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied.

X.

The allegations of Paragraph C(1) of the Complaint contain conclusions of law that do not require a response.  However, if a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to admit that the dispute involves citizens of different states and the amount in controversy alleged by the Plaintiffs exceeds the sum of $75,000.

XI.

The allegations of Paragraph C(2) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied.

XII.

The allegations of Paragraph C(3) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XIII.

The allegations of Paragraph D(1) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XIV.

The allegations of Paragraph D(2) of the Complaint reference an Executive Order which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, however, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XV.

The allegations of Paragraph D(3) of the Complaint reference an Executive Order which,

as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, however, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XVI.

The allegations of Paragraph D(4) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XVII.

Except to admit that Mr. Ross was released in 2001, the remaining allegations of Paragraph D(5) of the Complaint are denied.

XVIII.

The allegations of Paragraph D(6) of the Complaint are denied.

XIX.

The allegations of Paragraph D(7) of the Complaint are denied.

XX.

Except to admit there was a certain Memorandum of Understanding and Joint Venture Agreement, the remaining allegations of Paragraph D(8) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXI.

The allegations of Paragraph D(9) of the Complaint do not require a response.  However, if a response is required, the allegations are denied for lack of sufficient information, as the Joint Venture Agreement, as a written document, is the best evidence of its contents and terms.

XXII.

The allegations of Paragraph D(10) of the Complaint refer to the Joint Venture Agreement, which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXIII.

The allegations of Paragraph D(11) of the Complaint refer to the Joint Venture Agreement, which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXIV.

The allegations of Paragraph D(12) of the Complaint refer to the Joint Venture Agreement, which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, the allegations are denied.

XXV.

The allegations of Paragraph D(13) of the Complaint refer to the Joint Venture Agreement, which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXVI.

The allegations of Paragraph D(14) of the Complaint refer to the Joint Venture Agreement, which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, the allegations are denied for lack of sufficient information upon

which to justify a belief therein.

### XXVII.

Except to admit that Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV are not licensed Louisiana contractors, the remaining allegations of Paragraph D(15) of the Complaint are denied.

### XXVIII.

The allegations of Paragraph D(16) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

### XXIX.

The allegations of Paragraph D(17) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied.

### XXX.

The allegations of Paragraph D(18) of the Complaint are denied.

### XXXI.

The allegations of Paragraph D(19) of the Complaint are denied.

### XXXII.

The allegations of Paragraph D(20) of the Complaint are denied for lack of sufficient information to justify a belief therein.

### XXXIII.

The allegations of Paragraph D(21) of the Complaint reference an Elevation Contract between Tim Clark Construction, LLC and Erika Marie Mann which, as a written document, is the best evidence of its contents and terms.  To the extent an answer is required, however, the

allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXXIV.

The allegations of Paragraph D(22) of the Complaint reference an Elevation Contract between Tim Clark Construction, LLC and Franklin Bell which, as a written document, is the best evidence of its contents and terms. To the extent an answer is required, however, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXXV.

The allegations of Paragraph D(23) of the Complaint refer to Elevation Contracts, which, as written documents, are the best evidence of their contents and terms. To the extent an answer is required, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

XXXVI.

The allegations of Paragraph D(24) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XXXVII.

The allegations of Paragraph D(25) of the Complaint refer to the Joint Venture Agreement, which, as a written document, is the best evidence of its contents and terms. To the extent an answer is required, the allegations are denied.

XXXVIII.

The allegations of Paragraph D(26) of the Complaint are denied.

XXXIX.

The allegations of Paragraph D(27) of the Complaint are denied.

XL.

The allegations of Paragraph D(28) of the Complaint are denied.

XLI.

The allegations of Paragraph D(29) of the Complaint are denied.

XLII.

The allegations of Paragraph D(30) of the Complaint refer to Elevation Contracts, which, as written documents, are the best evidence of their contents and terms.  To the extent an answer is required, the allegations are denied.

XLIII.

The allegations of Paragraph D(31) of the Complaint refer to Elevation Contracts, which, as written documents, are the best evidence of their contents and terms.  To the extent an answer is required, the allegations are denied.

XLIV.

The allegations of Paragraph D(32) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied.

XLV.

The allegations of Paragraph D(33) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLVI.

The allegations of Paragraph D(34) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

XLVII.

The allegations of Paragraph D(35) of the Complaint are denied for lack of sufficient

information upon which to justify a belief therein.

XLVIII.

The allegations of Paragraph D(36) of the Complaint are denied.

XLIX.

The allegations of Paragraph D(37) of the Complaint are denied.

L.

The allegations of Paragraph D(38) of the Complaint are denied.

LI.

The allegations of Paragraph D(39) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

LII.

The allegations of Paragraph D(40) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

LIII.

The allegations of Paragraph D(41) of the Complaint contain conclusions of law that do not require a response. However, if a response is required, the allegations are denied.

LIV.

The allegations of Paragraph D(42) of the Complaint are denied.

LV.

The allegations of Paragraph D(43) of the Complaint are denied.

LVI.

The allegations of Paragraph E(1) of the Complaint are denied.

LVII.

The allegations of Paragraph E(2) of the Complaint are denied.

LVIII.

The allegations of Paragraph E(3) of the Complaint reference a Promissory Note signed by Erika Mann which, as a written document, is the best evidence of its contents and terms. To the extent an answer is required, however, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

LIX.

The allegations of Paragraph E(4) of the Complaint reference a Promissory Note signed by Franklin Bell which, as a written document, is the best evidence of its contents and terms. To the extent an answer is required, however, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

LX.

The allegations of Paragraph E(5) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

LXI.

The allegations of Paragraph E(6) of the Complaint are denied for lack of sufficient information upon which to justify a belief therein.

LXII.

The allegations of Paragraph E(7) of the Complaint reference a letter which, as a written document, is the best evidence of its contents and terms. To the extent an answer is required, however, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

LXIII.

The allegations of Paragraph E(8) of the Complaint are denied.

LXIV.

The allegations of Paragraph E(9) of the Complaint, including all subparts thereof, are denied for lack of sufficient information upon which to justify a belief therein.

LXV.

The allegations of Paragraph F(1) of the Complaint, including all subparts thereof, are denied.

LXVI.

The claims asserted by the Plaintiffs in Paragraph F(2) of the Complaint were dismissed pursuant to the Court's Order and Reasons dated February 28, 2019 (Rec. Doc. 21) and therefore do not require a response.   To the extent an answer is required, however, the allegations of Paragraph F(2), including all subparts thereof, are denied.

LXVII.

The allegations of Paragraph F(3) of the Complaint, including all subparts thereof, are denied.

LXVIII.

The claims asserted by the Plaintiffs in Paragraph F(4) of their Complaint were dismissed pursuant to the Court's Order and Reasons dated February 28, 2019 (Rec. Doc. 21) and therefore do not require a response.   To the extent an answer is required, however, the allegations of Paragraph F(4), including all subparts thereof, are denied.

LXIX.

The allegations of Paragraph F(5) of the Complaint, including all subparts thereof, are

denied.

## LXX.

The allegations of Paragraph G of the Complaint, including all subparts thereof, are denied.

## LXXI.

Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV deny each and every allegation of the Complaint not specifically admitted herein, including any allegation contained in a footnote or document attached to the Complaint, and the prayers for relief of the Plaintiffs.

AND NOW, further responding herein, Defendants Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV assert the following additional defenses:

### SECOND DEFENSE

The Plaintiffs' Complaint fails to state a claim, cause, or right of action against these Defendants upon which relief may be granted.

### THIRD DEFENSE

Any damages sustained by the Plaintiffs were caused solely and/or partially by the fault, negligence, neglect, and/or breach of contract of the Plaintiffs, or through the fault, negligence, neglect, and/or breach of contract of others for whom these Defendants are not legally responsible. Said fault, negligence, neglect, and/or breach of contract should serve as a complete bar to or diminution of any claims the Plaintiffs may have against these Defendants.

### FOURTH DEFENSE

If the Plaintiffs have failed to mitigate their damages as required by law, the failure to mitigate is pled in bar to or diminution of their recovery.

## FIFTH DEFENSE

Alternatively, if it is proven that the Plaintiffs sustained damages, which is denied, then those damages resulted from an unforeseeable occurrence and/or intervening or superseding causes for which these Defendants cannot be held responsible.

## SIXTH DEFENSE

Alternatively, any and all damages or losses sustained by the Plaintiffs and any conditions or problems with their properties, all of which are specifically denied, were the result of an act of God, unforeseeable occurrence, and/or *force majeure* over which these Defendants had no control and for which these Defendants are not legally liable responsible.

## SEVENTH DEFENSE

The Plaintiffs' claims are barred in whole or part by prescription, peremption, equitable estoppel, judicial estoppel, waiver, consent, and/or unclean hands.

## EIGHTH DEFENSE

The Plaintiffs' claims against these Defendants are barred, in whole or in part, by failure of and/or no consideration.

## NINTH DEFENSE

The Defendants pleads the terms of any applicable contracts or agreements between the applicable parties as if copied here *in extenso*, including any and all rights and/or defenses available to these Defendants.

## TENTH DEFENSE

The Defendants pleads the terms of any applicable contracts or agreements between the Plaintiffs and Tim Clark Construction, LLC as if copied here *in extenso*.

**ELEVENTH DEFENSE**

Alternatively, the Plaintiffs' damages, if any and which are denied, were caused in whole or in part by some pre-existing condition or conditions in or on their properties, or by superseding, intervening and/or natural causes, for which these Defendants cannot be held legally responsible.

**TWELFTH DEFENSE**

The Plaintiffs' claims against these Defendants are barred and/or should be denied due to lack of any contractual privity between the Plaintiffs and these Defendants, in whole or in part.

**THIRTEENTH DEFENSE**

The Defendants did not owe any fiduciary or other duty to the Plaintiffs.

**FOURTEENTH DEFENSE**

The Defendants did not breach any alleged fiduciary or other duty to the Plaintiffs.

**FIFTEENTH DEFENSE**

The Defendants specifically plead all defenses available under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401 *et. seq.*

**SIXTEENTH DEFENSE**

The Plaintiffs have failed to allege a cause of action against these Defendants for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law.

**SEVENTEENTH DEFENSE**

The Defendants further show that the Complaint filed by Erika Mann and Franklin Bell is groundless and brought in bad faith or for purposes of harassment in violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1409, such that an award of attorney's fees, expenses, and costs should be made in favor of Alston Contractors, Inc., Kenneth D. Ross, and Robert

Ingram Prichard IV and against the Plaintiffs.

### EIGHTEENTH DEFENSE

The Defendants aver that they met or exceeded any and all legal and/or contractual obligations.

### NINETEENTH DEFENSE

At all material times, work was performed in compliance with all applicable contracts, subcontracts and/or agreements, as well as the requisite standards of ordinary care and reasonable skill exercised by others in the same locality.

### TWENTIETH DEFENSE

At all times, work was performed in a good and workmanlike manner, free from defects, with the proper degree of attention, reasonable care, and to the best of one's skill and knowledge.

### TWENTY-FIRST DEFENSE

The Defendants show that they cannot be liable and are not responsible for any actions, negligence, fault, breach of contract, and/or liability of, or offenses committed by, any independent contractors such that any claims by the Plaintiffs against these Defendants should be dismissed with prejudice.

### TWENTY-SECOND DEFENSE

The Defendants show that they exercised no operational control over the activities, work, premises, and/or equipment in question, in whole or in part, such that any claims by the Plaintiffs against these Defendants should be dismissed with prejudice.

### TWENTY-THIRD DEFENSE

Kenneth D. Ross and Robert Ingram Prichard plead the defenses set forth in Code of Ala. § 10-A-2-6.22 and show that they cannot be held personally liable for the acts or debts of Alston

Contractors, Inc.

### TWENTY-FOURTH DEFENSE

To the extent applicable, the Defendants plead the affirmative defense of extinguishment of any obligation on the part of the Defendants in this matter.

### TWENTY-FIFTH DEFENSE

The Defendants have no liability to the Plaintiffs for court costs, legal expenses, interest, and/or any other type of damages.

### TWENTY-SIXTH DEFENSE

Any liability of these Defendants is excluded or reduced to the extent payment has already been made to the Plaintiffs for their alleged damages at issue in this case.

### JURY TRIAL REQUEST

The Defendants pray for trial by jury on all issues so triable.


WHEREFORE, the Defendants, Alston Contractors, Inc., Kenneth D. Ross, and Robert Ingram Prichard IV, pray that their Answer and Affirmative Defenses to the Complaint be deemed good and sufficient, and that after all due proceedings are had, including trial by jury, there be judgment rendered in favor of the Defendants and against the Plaintiffs, Erika Mann and Franklin Bell, dismissing the Complaint with prejudice and at their sole costs, and further for all general and equitable relief that this Honorable Court deems fit.

Respectfully submitted,

s/ Timothy W. Hassinger

_____

TIMOTHY W. HASSINGER (#25085)
PATRICK J. SCHEPENS (#32240)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
#3 Sanctuary Boulevard, 3rd Floor
Mandeville, Louisiana  70471
Telephone:  (985) 674-6680
Facsimile:   (985) 674-6681
**COUNSEL FOR ALSTON CONTRACTORS, INC.,
KENNETH D. ROSS, AND ROBERT INGRAM PRICHARD IV**